Jill J. REGER; Jillmerica, LLC, Plaintiffs–counter–defendants–Appellees,

v.

Steve WERNER, Defendant–Appellant,

and

Fresh Bait, Inc., a California corporation, Defendant–counter–claimant.

No. 05–56170.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 16, 2007.

Robert D. Feighner, Esq., Long Beach, CA, Bela G. Lugosi, Esq., Friedmann, O'Brien, Goldberg & Zarian, Devin A. Donohue, Esq., Palmer Lombardi Kneafsey and Donohue, Los Angeles, CA, for Plaintiffs–counter–defendants–Appellees.

Steve Werner, Sherman Oaks, CA, pro se.

Steven M. Weinberg, Esq., Greenberg Traurig, LLP, Phoenix, AZ, Patrick A. Connolly, III, Esq., Koletsky, Mancini, Feldman & Morrow, Los Angeles, CA, for Defendant–counter–claimant.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM **

Steve Werner appeals pro se from the district court's summary judgment in favor of Jill J. Reger and Jillmerica, LLC, in

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

their action seeking declarative and injunctive relief in connection with the copyright of a fictional character named "Dipuc." We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery,* 150 F.3d 1042, 1046 (9th Cir. 1998), we affirm in part, and dismiss in part.

■ The district court properly granted Appellees summary adjudication on their claim for declaratory relief because Werner and Fresh Bait failed to raise a triable issue of fact as to whether any interest in the subject copyrights had been transferred to either defendant. *See* 17 U.S.C. § 204(a); *Radio Television Espanola S.A. v. New World Entm't, Ltd.,* 183 F.3d 922, 926–28 (9th Cir.1999). Summary adjudication was also appropriate on Appellees' claims for injunctive relief because a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

■ We lack jurisdiction to consider Werner's appeal of the dismissal of Fresh Bait's counterclaims because corporations and other unincorporated associations must appear in court through an attorney. *See D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973–74 (9th Cir.2004).

Werner's remaining contentions lack merit.

**AFFIRMED in part, DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.